**STATE of Delaware, Appellant,**

v.

**Nathan E. CAGLE, Appellee.**

Supreme Court of Delaware.

Argued Sept. 9, 1974.

Decided Dec. 26, 1974.

E. N. Carpenter, of Richards, Layton & Finger, Wilmington, Paul W. Williams, Floyd Abrams and Eugene R. Scheiman of Cahill, Gordon & Reindel, New York City, for defendant below-appellant and cross-appellee.

Richard F. Corroon and Robert K. Payson of Potter, Anderson & Corroon, Leroy A. Brill of Bayard, Brill & Handelman, Wilmington, J. Lincoln Morris, Edward S. Cowen, and Pollack & Singer, New York City, for plaintiff below-appellee and cross-appellant.

Before McNEILLY, Justice, and BIFFERATO and WALSH, Judges.

Upon appeal from the Superior Court. Charles P. Brandt, Deputy Atty. Gen., Wilmington, for appellant.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for appellee.

Before HERRMANN, C. J., DUFFY, J., and MARVEL, Vice Chancellor.

HERRMANN, Chief Justice:

The State appeals under 10 Del.C. § 9903[1] from the Superior Court's reversal

---

1. 10 Del.C. § 9903 provides:

"§ 9903. Appeal in the discretion of the appellate court

"The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of the appeal; but, in no event of such appeals shall the decision or result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal, but the Court may require the Public Defender of this State to defend the appeal and to argue the cause."

of a conviction in the Court of Common Pleas for New Castle County. We permit this appeal in order to determine an important procedural question concerning the scope of review in an appeal on the record from the Court of Common Pleas to the Superior Court.

■ The defendant was convicted in the Court of Common Pleas for driving under the influence of alcohol, 21 Del.C. § 4176, resulting in an accident. Based upon the testimony of the defendant, the arresting officer, and the private citizen who reported the accident and the defendant's "spectacular" driving to the police, the Trial Judge found that defendant was under the influence of alcohol at the time of the accident.[2]

The defendant appealed his conviction to the Superior Court under 11 Del.C. § 5301.[3] The Superior Court ruled that "the State has not sustained the burden of proving beyond a reasonable doubt that defendant was under the influence of intoxicating liquor at the time of the erratic driving", and reversed the conviction. On its appeal to this Court, the State contends that the Superior Court applied an improper standard of appellate review. We agree.

■ In reviewing the conviction, the Superior Court erroneously applied the "beyond a reasonable doubt" standard of proof. The test on such appeal is not whether the defendant is guilty as charged beyond a reasonable doubt, but whether there is sufficient evidence to support the findings of the Trial Court. Levitt v. Bouvier, Del.Supr., 287 A.2d 671 (1972).

Appeals from the Court of Common Pleas for New Castle County to the Superior Court are on the record and are not tried de novo. 11 Del.C. § 5301. The Superior Court's application of the "reasonable doubt" standard, in effect, required the State to prove for a second time that the defendant was guilty as charged.

In Levitt v. Bouvier, Del.Supr., 287 A.2d 671 (1972), in the context of an appeal in a non-jury Superior Court case to this Court, we discussed the proper scope of review of the findings of fact of a Trial Judge. We apply the rules set forth in *Levitt* to the case before us:

■ An appeal from a decision of the Court of Common Pleas for New Castle County, sitting without a jury, is upon both the law and the facts. In such appeal, the Superior Court has the authority to review the entire record and to make its own findings of fact in a proper case. However, in exercising that power of review, the Superior Court may not ignore the findings made by the Trial Judge. The Superior Court has the duty to review the sufficiency of the evidence and to test the propriety of the findings below. If such findings are sufficiently supported by the record and are the product of an orderly and logical deductive process, the Superior Court must accept them, even though independently it might have reached opposite conclusions. The Superior Court is only free to make findings of fact that contradict those of the Trial Judge when the record reveals that the findings below are clearly wrong and the Appellate Judge is convinced that a mistake has been made

---

2. Defendant's blood alcohol concentration test results were not admitted into evidence by the Trial Judge. The absence of such test results does not preclude a conviction based on other admissible evidence. 21 Del.C. § 4176.

3. 11 Del.C. § 5301 provides in part:
"§ 5301. Criminal procedure generally; transfers to Superior Court.
"(a) The proceedings in all criminal cases in the Court of Common Pleas for New Castle County shall be by information and without indictment by grand jury or trial by petit jury. From any order, rule, decision, judgment or sentence of the Court in a criminal action, the accused shall have the right of appeal to Superior Court of New Castle County. Such appeals to the Superior Court shall be reviewed on the record and shall not be tried de novo."

which, in justice, must be corrected. Findings of fact will be approved upon review when such findings are based on the exercise of the Trial Judge's judicial discretion in accepting or rejecting "live" testimony. See Barks v. Herzberg, Del.Supr., 206 A. 2d 507 (1965). If there is sufficient evidence to support the findings of the Trial Judge, the Superior Court sitting in its appellate capacity must affirm, unless the findings are clearly wrong. Levitt v. Bouvier, *supra*.

In the instant case, the Trial Judge's finding that the defendant was under the influence of alcohol turned on the question of credibility of witnesses. Such finding may not be rejected on appeal unless it is clearly erroneous and the doing of justice requires its rejection.

Accordingly, we find error in the reversal by the Superior Court based upon the "reasonable doubt" test.

This decision on an appeal by the State has no effect on the rights of this defendant. 10 Del.C. § 9903.