## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                        |     |                        |
|------------------------|-----|------------------------|
| CHANEL TARRANT         | )   |                        |
|                        | )   |                        |
| Appellant,             | )   |                        |
|                        | )   | C.A. No. N16A-05-008 RRC |
| v.                     | )   |                        |
|                        | )   |                        |
| LAWRENCE A. RAMUNNO,   | )   |                        |
|                        | )   |                        |
| Appellee.              | )   |                        |
|                        | )   |                        |

Submitted: December 12, 2016
Decided: February 16, 2017

# <u>ORDER</u>

Chanel Tarrant, Wilmington, Delaware, *pro se*.

Lawrence A. Ramunno, Ramunno & Ramunno, P.A., Wilmington, Delaware.

COOCH, R.J.

### I. INTRODUCTION

1. Plaintiff-Below/Appellant Chanel Tarrant ("Appellant") appeals a decision of the Court of Common Pleas granting Defendant-Below/Appellee Lawrence A. Ramunno's ("Appellee") Motion to Dismiss. Appellant has made no legal argument as to how the Court of Common Pleas erred, and this Court finds no error in the trial court's decision. Accordingly, the decision of the trial court is **AFFIRMED**.

### II. FACTS AND PROCEDURAL HISTORY

2. Appellant engaged Appellee to represent her in a personal injury lawsuit. Initially, Appellee, representing Appellant, made a demand on the defendant in that lawsuit for $20,000. The defendant in that action

refused to pay the $20,000, and Appellee then filed a personal injury action alleging $20,000 in damages. The Appellant then engaged in mediation with the defendant in that lawsuit, represented by Appellee. The mediation resulted in Appellant accepting a settlement offer for less than the full $20,000 claimed. Appellant received and subsequently cashed the settlement check.

3. Unhappy with Appellee's representation of her, Appellant filed a complaint with the Office of Disciplinary Counsel ("ODC"). In her complaint to the ODC, Appellant claimed that Appellee tricked her into signing the settlement agreement. The ODC reviewed the complaint and Appellee's response to the complaint and determined that Appellee's representation of Appellant did not fall below the acceptable level of representation.

4. Appellant then filed a legal malpractice action with the Court of Common Pleas. In that action, Appellant alleged that "[she] was promised to be fully compensated with all medical bills paid, . . . and was encouraged to sign paperwork of legal documentation without any clarity of what [she] was signing."[1] Appellee then filed a Motion to Dismiss pursuant to Court of Common Pleas Civil Rule 12(b)(6) on grounds that Appellant had not sufficiently made a claim for legal malpractice.

5. The Court of Common Pleas held argument on Appellee's Motion to Dismiss on April 29, 2016. The Court of Common Pleas issued on oral ruling granting Appellee's motion to dismiss. In that ruling, the Court of Common Pleas stated:

> You are entitled to his time, attention, and his due diligence. You are not entitled to a guaranteed result. You are entitled to his best efforts.
>
> There is nothing in the complaint which indicates that he did not put forth his best efforts. It may not have been the outcome that you wanted, but no one can guarantee when they are in litigations the outcome; never in jury trials, never in negotiations and mediations, and never before the judge.

---

[1] Compl.

> You never know how the fact finder is going to find the fact, but you [are] entitled to his best efforts. Based on the documents in the record, I find that you have failed to state a claim for which relief can be granted, and his motion to dismiss is hereby granted.[2]

This appeal followed.

### III. DISCUSSION

6. Appeals from the Court of Common Pleas are reviewed "on the record, and shall not be tried *de novo*."[3] "If such findings are sufficiently supported by the record and are the product of an orderly and logical deductive process, the Superior Court must accept them, even though independently it might have reached opposite conclusions."[4] "The Superior Court is only free to make findings of fact that contradict those of the Trial Judge when the record reveals that the findings below are clearly wrong and the Appellate Judge is convinced that a mistake has been made which, in justice, must be corrected."[5] This Court reviews questions of law *de novo*.[6]

7. In her opening brief, Appellant makes no argument as to how the trial court erred in granting Appellee's Motion to Dismiss. Rather, Appellant has included a series of documents, some of which are incomplete, and provides no explanation for their inclusion. The only document that Appellant appears to have written herself, and could potentially be construed as an opening argument is a letter to this Court, dated October 11, 2016. In that letter, Appellant sets forth no legal argument assigning error to the trial court. Rather, Appellant appears to restate with more specificity the complaint that she filed in the Court of Common Pleas.[7]

---

[2] *Tarrant v. Ramunno*, CPU4-16-000977, at 9:6-20 (Del. Com. Pl. Apr. 29, 2016) (TRANSCRIPT).
[3] 10 *Del. C.* § 1326.
[4] *State v. Cagle*, 332 A.2d 140, 142 (Del. 1974) (citing *Levitt v. Bouvier*, 287 A.2d 671 (Del. 1972)).
[5] *Id.*
[6] *City of Wilmington v. Flamer*, 2013 WL 4829585, at *3 (Del. Super. May 22, 2013).
[7] *Tsipouras v. Gue*, 2011 WL 5395350 (Del. Nov. 8, 2011).

3

8. In the recent case of *Woodruff v. Foulk Manor North*, this Court dismissed an appeal on grounds that the appellant failed to set forth "any aspect of a legal argument that this Court can consider in both her Opening Brief and her [Reply Brief.]"[8] Rather, the Appellant in *Woodruff* only sought to have this Court review *de novo* the factual determinations made by the Industrial Accident Board.[9] In the case at bar, Appellant is essentially requesting *de novo* review of factual determinations made by the Court of Common Pleas, rather than presenting legal arguments assigning error to the trial court. As this Court "does not sit as the trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions,"[10] it will not review the factual allegations made by Appellant in her October 11 letter.

9. This Court holds that the trial court committed no error in granting Appellee's Motion to Dismiss. To establish a claim for legal malpractice, a plaintiff must prove: "(1) employment of an attorney, (2) the attorney's neglect of a professional obligation, and (3) resultant loss."[11] "To prove damages, the client, or plaintiff in a legal malpractice action, must prove that but for his lawyer's negligence, the client would have been successful."[12]

10. In the case at bar, it is undisputed that Appellee represented Appellant in her personal injury action. However, Appellant has failed to argue how Appellee has "neglect[ed] a professional obligation." As the trial court held, a client is entitled to her attorney's best efforts. She is not entitled to any guarantee of success or specific result.

11. It appears from the record that the trial court's factual findings are the result of a logical and deductive reasoning process. The trial court found that Appelee put forth his best efforts in representing Appellant in her personal injury action. Appellant was able to obtain a settlement offer to which Appellant ultimately agreed. Although Appellant may now be unhappy with the settlement agreement into which she entered, that does not create a colorable claim for legal

---

[8] 2016 WL 153269, at *2 (Del. Super. Jan. 6, 2016).
[9] *Id.*
[10] *Id.*
[11] *Sanders v. Malik*, 1997 WL 817854 (Del. Super. Nov. 21, 1997).
[12] *Id.*

4

malpractice against the attorney who represented her. Additionally, it is noteworthy that the ODC, upon investigating Appellant's claim of legal malpractice, found that Appellee committed no malpractice. Accordingly, as Appellant has failed to set forth any reason that Appellee neglected his professional obligation owed to her, her general claim that the trial court committed reversible error is without merit.

## IV. CONCLUSION

Therefore, the decision of the Court of Common Pleas is **AFFIRMED.**

_____
Richard R. Cooch, R.J.

oc:     Prothonotary

5