# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYKEEM J. SELBY, | ) | |
| | ) | |
| Defendant-Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ID. No. 1805000734 |
| | ) | |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff-Below, | ) | |
| Appellee. | ) | |

Submitted: May 31, 2019
Decided: July 31, 2019

## ORDER

*Upon Appeal from the Court of Common Pleas of the State of Delaware
in and for New Castle County,*
**AFFIRMED**

This 31ˢᵗ day of July, 2019, upon consideration of the Appellant Tykeem J.

Selby's brief filed under Supreme Court Rule 26(c) (made applicable to here via

Superior Court Criminal Rule 57(d)),[1] his attorney's motion to withdraw, the State's

answer, and the record in this case, it appears to the Court that:

(1)    The defendant, Tykeem Selby, was charged by Information in the Court

of Common Pleas with one count of Driving Under the Influence.

---

[1]    Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

(2)     The evidence at trial demonstrated that shortly after midnight on May 2, 2018, Delaware State Police Corporal Demi Moore was called to a Wawa in New Castle.[2]  When she arrived, Cpl. Moore spoke to the reporting store employee who had called about a person passed out and slumped over the steering wheel of a vehicle in the Wawa's parking lot.[3]  Cpl. Moore found the car straddling two parking spaces with Selby passed out behind the wheel.[4]  Selby eventually awoke when Cpl. Moore knocked on the driver's window.[5]  Cpl. Moore recounted that as she and another trooper checked on him, Selby's "speech wasn't a hundred percent correct," his eyes were glassy and bloodshot, he smelled strongly of alcohol, and went quickly from being cooperative to argumentative and cocky.[6]  Selby admitted that he had been drinking earlier in the evening.[7]  And the troopers saw a nearly empty bottle of Bacardi rum in the car.[8]

---

[2]     *See* Exh. B to App. Rule 26(c) Brf., at 14-15 (hereinafter cited as Del. Com. Pl. Trial Tr. (May 9, 2016), at ___).

[3]     Del. Com. Pl. Trial Tr. (March 13, 2019), at 16-17, 61.

[4]     *Id.* at 16-19.

[5]     *Id.* at 18-19.

[6]     *Id.* at 20-22.

[7]     *Id.* at 21.

[8]     *Id.* at 21-22.

(3)     Cpl. Moore conducted several field sobriety tests with Selby in the Wawa parking lot. He performed poorly on each of them.[9] At Delaware State Police Troop Two, Selby was administered an Intoxilyzer breath test just after 2:00 a.m. The result of that test revealed Selby had a breath alcohol content of .219 grams of alcohol per 210 liters of breath – almost three times the legal limit.[10]

(4)     Selby's defense at his Court of Common Pleas trial was that he was merely napping in his car during a break from work, that he was not under the influence of alcohol when discovered by the police, and that, in fact, he had not been drinking at all.[11] Selby claimed then (and now) that he passed all tests and was only taken into custody after Cpl. Moore "caught an attitude" with him.[12]

(5)     But following that non-jury trial, the Court of Common Pleas found Selby guilty of Driving Under the Influence of Alcohol. He was fined and sentenced to 120 days of imprisonment; that imprisonment was suspended in whole for one year of non-reporting unsupervised probation with certain treatment and education

---

[9]     *Id.* at 23-41.

[10]     *Id.* at 44-60; State's Tr. Ex. No. 3, *State v. Tykeem J. Selby*, ID No. 1805000734 (Del. Com. Pl. March 13, 2019).

[11]     *Id.* at 72-87, 41.

[12]     *Id.* at 79-82; Exh. C to App. Rule 26(c) Brf.

conditions required by the Delaware DUI law. Execution of this sentence was stayed pending Selby's direct appeal.[13] This is that direct appeal.

(6) This Court takes criminal appeals from the Court of Common Pleas.[14] Such appeals are "reviewed on the record," not "tried de novo."[15] And when considering such appeals, this Court "functions in the same manner as the Supreme Court, in its position as an intermediate appellate court, when considering an appeal from the Court of Common Pleas."[16] An appeal from a verdict of the Court of Common Pleas, sitting without a jury, "is upon both the law and the facts."[17] The Court reviews errors of law *de novo*;[18] it reviews the trial court's factual findings to determine if they are "sufficiently supported by the record" and "the product of an orderly and logical deductive process."[19]

---

[13] Del. Com. Pl. Crim. R. 38(c) (providing that a sentence of probation may be stayed if an appeal from a Court of Common Pleas conviction is taken).

[14] DEL. CODE. ANN. tit 11, § 5301(c) (2018).

[15] *Id.*

[16] *Layne v. State*, 2006 WL 3026236, at *1 (Del. Super. Ct. Sept. 26, 2006) (citing *Dickens v. State*, 2003 WL 22172737, at *3 (Del. Super. Ct. July 11, 2003)); *see also Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985) (Superior Court's function as intermediate appellate court is basically the same as the Supreme Court's).

[17] *State v. Cagle*, 332 A.2d 140, 142 (Del. 1974).

[18] *State v. Godwin*, 2007 WL 2122142, at *2 (Del. Super. Ct. July 24, 2007) (citing *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990)).

[19] *Bennefield v. State*, 2006 WL 258306, at *2 (Del. Super. Ct. Jan. 4, 2006); *Cagle*, 332 A.2d at 142 ("The Superior Court has the duty to review the sufficiency of the evidence and to test the propriety of the findings below. If such findings are sufficiently supported by the record and are

-4-

(7)     Selby's appellate counsel ("Counsel")—who had also represented him at trial—has filed a motion to withdraw with an accompanying brief and appendix pursuant to Supreme Court Rule 26(c).   Prior to their filing, Selby was informed that he had a right to respond to the motion to withdraw and to supplement the Rule 26(c) brief.  Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues.  Selby has submitted a written statement and additional materials he wished the Court to consider on appeal.[20]

(8)     When considering a brief filed pursuant to Rule 26(c), the Court must be satisfied that defense counsel made a conscientious examination of the record and the law for claims that could arguably support the appeal.[21]  The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[22]

---

the product of an orderly and logical deductive process, the Superior Court must accept them."); *see also Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972) (Supreme Court reviews appeals from Superior Court trials to determine factual findings sufficiently supported by the record and the product of an orderly and logical deductive process).

[20]     Exh. C to App. Rule 26(c) Brf.

[21]     *Leacock v. State*, 690 A.2d 926, 927-8 (Del. 1996) (citing *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); and *Anders v. California*, 386 U.S. 738, 744 (1967)).

[22]     *Id.*

(9) Selby's supplement to the opening brief challenges the sufficiency of the evidence. Specifically, Selby claims that he was "wrongfully charged with a [DUI] for sitting in [his] car at work," that Cpl. Moore's testimony "is a lie," and that any alcohol content registered by the Intoxilyzer must have resulted from him drinking Kombucha tea.[23] Selby has included some internet materials to his statement and pictures of a Kombucha tea bottle and its nutrition information label.[24] The State has responded to Selby's claims as well as the position taken by Counsel. The Court treats the State's answering brief as a motion to affirm the Court of Common Pleas' judgment.

(10) "When considering on appeal the sufficiency of evidence to convict, the Court must discern 'whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[25] The Court takes into account

---

[23] Exh. C to App. Rule 26(c) Brf. *See* Del. Com. Pl. Trial Tr. (March 13, 2019), at 83 (defendant testifying that he believed tea caused his Intoxilyzer reading).

[24] *Id.* Because this is an appeal on the record, these materials are not considered by this Court. DEL. CODE. ANN. tit 11, § 5301(c) (2018). Selby is not free to augment the record on appeal with new "evidence." Del. Supr. Ct. R. 9(a) ("An appeal shall be heard on the original papers and exhibits which shall constitute the record on appeal."); *Shrewsbury v. Bank of New York Mellon*, 160 A.3d 471, 474 n.2 (A copy of the contested promissory note containing the questioned endorsement that had not been presented to the trial court was included in appellee Bank's appendix on appeal. But because, under Rule 9, the court hears appeals only on the record created in the trial court, it did not consider that note contained in appellee Bank's appendix.).

[25] *Stevens v. State*, 110 A.3d 1264, 1268 (Del. Super. Ct.), *aff'd*, 129 A.3d 206 (Del. 2015). This standard of review of the sufficiency of the evidence to convict after a bench trial without a motion for judgment of acquittal is the same as with such motion. *Williamson v. State*, 113 A.3d

-6-

all probative evidence, whether direct or circumstantial.[26] If the trial court's findings are sufficiently supported by the record, this Court must accept them.[27] It does not "make its own factual conclusions, weigh evidence, or make credibility determinations."[28] Only where the record below indicates the trial court's findings are "clearly wrong" may the Court, "in justice," correct them.[29]

(11) Selby was charged with Driving a Vehicle While Under the Influence or with a Prohibited Alcohol Content in violation of Title 21, Section 4177(a) of the Delaware Code.[30] The Court of Common Pleas convicted Selby of that offense as it

155, 158 (Del. 2015). And Delaware's appellate courts review appeals from denials of motions for judgment of acquittal *de novo* for sufficiency of the evidence. *See Church v. State*, 2010 WL 5342963, at *1 (Del. Dec. 22, 2010) (applying sufficiency of the evidence test in reviewing appeal from this Court's denial of defendant's motion for judgment of acquittal); *Brown v. State*, 967 A.2d 1250 (Del. 2009) (question on such review is "[w]hether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find [the defendant] guilty beyond a reasonable doubt of all the elements of the crime").

[26]     *McKinney v. State*, 2008 WL 282285, at *3 (Del. Super. Ct. Jan. 31, 2008) (citing *Anderson v. State*, 930 A.2d 898, 901 (Del. 2007) ("In performing our appellate review, we do not distinguish between direct and circumstantial evidence.")).

[27]     *State v. Cagle*, 332 A.2d 140, 142 (Del. 1974); *Tolson v. Court of Common Pleas*, 2004 WL 2419154, at *2 (Del. Super. Ct. Oct. 13, 2004) ("This Court will not disturb factual findings by the court below if they were derived logically and substantial evidence exists in the record to support such findings.") (citing *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).

[28]     *Cagle*, 332 A.2d at 142; *Poon v. State*, 880 A.2d 236, 238 (Del. 2005)(citing *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).

[29]     *Cagle*, 332 A.2d at 142.

[30]     Criminal Information, *State v. Tykeem J. Selby*, ID No. 1805000734 (Del. Com. Pl. June 19, 2018).

is defined under § 4177(a)(5).[31] Under that DUI provision: "No person shall drive a vehicle . . . [w]hen the person's alcohol concentration is, within 4 hours after the time of driving .08 or more."[32] The State, therefore, had the burden of proving the following elements: 1) Selby's driving; and 2) that his alcohol concentration was, within four hours after the time of driving .08 or more—the registered alcohol concentration resulted from an amount of alcohol present in, or consumed by Selby when he was driving."[33]

(12)   As to the first element, under Delaware's DUI statute, driving a motor vehicle includes "driving, operating, or having actual physical control of [the] vehicle."[34]   And so, the necessary "driving" element may be met even if the defendant's motor vehicle wasn't actually in motion.   Because the statutory prohibition against mixing alcohol and vehicles isn't limited only to one actually operating a moving vehicle—it also prohibits one's physical control of a vehicle.

---

[31]   Del. Com. Pl. Trial Tr. (March 13, 2019), at 101; DEL. CODE ANN. tit. 21, § 4177(b)(4) (2018) (A DUI charging document may allege a violation of 21 *Del. C.* § 4177(a) without specifying any particular paragraph of § 4177(a); in turn, the prosecution may seek, and the trial court may enter, a conviction under any of § 4177(a)'s paragraphs).

[32]   Del. Code Ann. tit 21, § 4177(a)(5) (2018).

[33]   *Fiori v. State,* 2004 WL 1284205, at *2 (Del. Super. Ct. May 26, 2004) (describing elements under 21 *Del. C.* § 4177(a)(5)—Delaware's DUI's *per se* alcohol content provision— with previous legal limit of .10); 74 DEL. LAWS ch. 333, § 1 (2004) (lowering Delaware *per se* legal limit to .08 with no amendment to the other elements of the offense under § 4177(a)(5)).

[34]   Del. Code Ann. tit 21, § 4177(c)(5) (2018).

-8-

As explained by the Delaware Supreme Court, and as applicable here: "Insofar as 'physical control' refers to something other than 'driving' or 'operating,' . . . physical control is meant to cover situations where an inebriated person is found in a parked vehicle under circumstances where the car, without too much difficulty, might again be started and become a source of danger to the operator, to others, or to property."[35]

(13) Here, the trial evidence supports the finding that Selby had actual physical control of a vehicle. He was found passed out behind the wheel of a car that was straddling two Wawa parking spots.[36] The keys were in the ignition and the engine was running when Cpl. Moore arrived and aroused Selby.[37] A rational trier of fact could find that Selby was "driving" as defined by § 4177(c)(5).[38]

---

[35] *Bodner v. State*, 752 A.2d 1169, 1173 (Del. 2000) (quoting *State v. Starfield*, 481 N.W.2d 834, 837 (Minn. 1992)).

[36] *State v. Hollobaugh*, 297 A.2d 395, 396-97 (Del. Super. Ct. 1972) (by operation of 21 *Del. C.* § 4101(a)(2), Delaware's DUI law is applicable to store parking lots).

[37] Del. Com. Pl. Trial Tr. (March 13, 2019), at 14, 16-19, 70-71.

[38] *See Bodner*, 752 A.2d at 1173 (among the non-exclusive facts and circumstances a fact finder may consider when determining whether the charged was in physical control of a motor vehicle are: the defendant's location in or by the vehicle; the location of the ignition keys; and, the extent to which the vehicle was operable or might have been rendered operable without too much difficultly so as to be a danger to persons or property); *State v. Stewart*, 2011 WL 494734, at *4 (Del. Super. Ct. Jan. 31, 2011) (sitting in the driver's seat of a vehicle with its engine running while asleep and intoxicated in a convenience store parking lot meets element of "driving" under § 4177(c)(5)); *State v. Mealy*, 2010 WL 175623, at *3 (Del. Com Pl. Jan. 20, 2010) (defendant found slumped over the steering wheel of a car with the engine was running and headlights on in a strip mall parking lot).

(14) As to the second element, one violates § 4177(a)(5) when the "person's alcohol concentration is, within 4 hours after the time of driving .08 or more."[39] According to the Intoxilyzer results—which the trial judge credited—Selby had a breath alcohol concentration of .219 grams of alcohol per 210 liters of breath – almost three times the legal limit.[40] The trial evidence clearly demonstrated that test result was obtained well within four hours of when Selby was found passed out at the Wawa and that it was the result of an amount of alcohol present in, or consumed by the Selby when he was in physical control of a car there.

(15) No doubt, Selby disagrees and attempts to explain away that considerable concentration of alcohol. But just as with the finding of any other necessary element, the trial judge could "properly infer that alcohol was the influencer of [Selby]'s ability and conduct from all evidence presented—direct and circumstantial."[41] And this allows the drawing of a proper inculpatory inference that his Intoxilyzer reading resulted from an inebriating beverage (evidenced by the Bacardi dregs found within his reach) as opposed to any other source Selby blames.

---

[39]   Del. Code Ann. tit 21, § 4177(a)(5) (2018).

[40]   *Id.* (*per se* alcohol concentration limit is .08); *Id.* at § 4177(c)(1)b. ("Alcohol concentration of .08 or more" shall mean . . . [a]n amount of alcohol in a sample of a person's breath equivalent to .08 or more grams per 210 liters of breath.").

[41]   *State v. Byrne,* 2017 WL 1842780, at * 2 (Del. Super. Ct. Apr. 27, 2017).

(16) In this case, the evidence adduced at trial clearly was sufficient to sustain Selby's conviction based on a finding that he had a prohibited alcohol content when behind the wheel. "[I]t [wa]s the sole province of the [trial judge as] fact finder to determine witness credibility, resolve conflicts in testimony and draw any inferences from the proven facts."[42] The judge had the sole "discretion to accept one portion of a witness' testimony and reject another part."[43] The trial judge "need not [have] believe[d] even uncontroverted testimony."[44]

(17) *Any* rational factfinder could have found beyond a reasonable doubt that Sebly violated 21 *Del. C.* § 4177(a)(5). And the Court of Common Pleas guilty verdict is well-supported by the evidence presented.

(18) So, after carefully reviewing the record, the Court has concluded that Selby's appeal is wholly without merit and devoid of any arguably appealable issue. The Court is satisfied that Counsel made a conscientious effort to examine the record and properly determined that Selby could not raise a meritorious claim in this appeal.

---

[42]    *Poon v. State,* 880 A.2d 236, 238 (Del. 2005).

[43]    *Pryor v. State,* 453 A.2d 98, 100 (Del. 1982).

[44]    *Poon,* 880 A.2d at 238.

**NOW THEREFORE, IT IS ORDERED** that the State's motion to affirm is **GRANTED**. The judgment of the Court of Common Pleas is **AFFIRMED**. The motion to withdraw is **MOOT**.

**SO ORDERED this 31st day of July, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:     Gabriel M. Baldini, Esquire
        Anthony J. Hill, Deputy Attorney General