## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **I.D. No. 2409011586** |
| | ) | |
| SCOTT P. COLON, | ) | |
| Defendant. | ) | |

Submitted:  October 31, 2025
Decided at Sentencing Hearing:  January 15, 2026
Written Order Issued:  February 12, 2026

### ORDER

*Upon the State's Motion to Sentence Defendant Scott P. Colon under the
Third Offender provisions of 21* Del. C. *§ 4177(d)(3),*
**GRANTED**.

Upon consideration of the State's Motion to Sentence Defendant Scott P. Colon under the Third Offender provisions of 21 *Del. C.* § 4177(d)(3) (D.I. 24), Mr. Colon's Responses thereto (D.I. 26 and 30), the State's Reply (D.I. 27), applicable law and rules, and the record in this matter, it appears to the Court that:

(1)    Defendant Scott Colon was previously convicted of two separate impaired-driving offenses in New York in 1999 and 2005.[1]  More specifically, Mr. Colon was convicted on each occasion of violating Section 1192(1) of New York's Vehicle and Traffic Law.[2]

---

[1]    State's Mot., at Exs. A and B (D.I. 24).

[2]    *Id*.; *see* N.Y. VEH. & TRAF. LAW  § 1192(1) (1999).  As relevant here, this specific New York

(2)     In this case, Mr. Colon pleaded guilty to driving under the influence ("DUI"), and two other related offenses arising from a traffic collision that occurred on Route 13 in September 2024.[3]

(3)     Mr. Colon does not contest the fact, validity, or requisite separateness of the New York and Delaware impaired-driving offenses.

(4)     So, the State moved[4] to have Mr. Colon sentenced as a third-time DUI offender.[5] Mr. Colon has opposed this application.

(5)     In his view, certain differences in the definitions and judicial interpretations of the two specific statutes that all agree are at-issue here—New York's DWAI as it has at all relevant times been defined in § 1192(1) and Delaware's DUI provision 21 *Del. C.* § 4177(a)(1)—preclude consideration of his New York convictions as prior offenses within the meaning of the Delaware statute.[6]

(6)     The sole issue presented is whether Delaware's DUI recidivist statute—

---

impaired-driving statute uses the acronym "DWAI" for this offense. To avoid confusion, the Court will use that acronym or "§ 1192(1)" when referring to the specific at-issue New York statute.

[3]     D.I. 25 (Plea Agreement).

[4]     *See* DEL. CODE ANN. tit. 21, § 4177(d)(11) (2024) (setting forth the application procedure for determination of Delaware's felony-DUI sentencing provisions' applicability).

[5]     *See id.* at tit. 21, § 4177(d)(3) (2024) (providing that a third-time DUI offender will be guilty of a felony and subject to an enhanced sentences). The sentences for the other offenses to which Mr. Colon pled are statutorily-unaffected by the prior New York convictions. So, the Court's focus here is solely on the DUI count and its proper sentence.

[6]     Def. Resp. at 3-5 (D.I. 26).

which provides for an enhanced severity in charge and sentence if the one has a "prior or previous conviction or offense"[7]—treats a conviction under New York's corresponding DWAI law as a "prior or previous conviction or offense."

(7)    The Delaware DUI statute defines a "prior or previous conviction or offense" as, in relevant part, "[a] conviction or other adjudication of guilt . . . pursuant to . . . § 4177[8] of [Title 21], or a ***similar*** statute of any state or local jurisdiction, any federal or military reservation or the District of Columbia."[9] Mr. Colon insists that New York's DWAI statute cannot be considered a "similar" statute.

(8)    Because the specific New York statutory offense at-issue here "sets out a single (or 'indivisible') set of elements to define a single crime," the Court uses the "categorical approach" to compare it to its specific Delaware analog.[10]

(9)    Twenty-one *Del. C.* §4177(a)(1) provides that:

> No person shall drive a vehicle . . . [w]hen the person is under the influence of alcohol.[11]

---

[7]    *See* DEL. CODE ANN. tit. 21, § 4177(d)(2024).

[8]    *Id.* at tit. 21, § 4177 (2018) (Driving a vehicle while under the influence or with a prohibited alcohol or drug content).

[9]    DEL. CODE ANN. tit. 21, § 4177B(e)(1)(a) (2024) (emphasis added).

[10]    *Daniels v. State*, 246 A.3d 557, 561 (Del. 2021) (quoting *Mathis v. United States*, 579 U.S. 500, 504-05 (2016)).

[11]    *See* DEL. CODE ANN. tit. 21, § 4177(a)(1)(2024).

And our DUI statute goes on:

> "While under the influence" shall mean that the person is, because of alcohol . . . less able than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle.[12]

(10)    Section 1192(1) of New York's Vehicle and Traffic Law reads as follows:

> *Driving while ability impaired*. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

There is no specific statutory definition of "while . . . ability is . . . impaired" found in New York's statute.  But that state's highest court explained long ago:

> It is evident from the statutory language and scheme that the question in each case is whether, by voluntarily consuming alcohol, this particular defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver.[13]

(11)    The narrowest interpretation of "similar" as used in 21 *Del. C.* § 4177B(e)(1) weighs in favor of defining it as "alike in substance or essentials."[14]

---

[12]    *See* DEL. CODE ANN. tit. 21, § 4177(c)(11)(2024).

[13]    *People v. Cruz*, 399 N.E.2d 513, 516 (N.Y. 1979).

[14]    *Daniels*, 246 A.3d at 562 (using this definition when examining the driving or operation element of Delaware and another state's impaired-driving offenses). *But see State v. Rogers*, 2001 WL 1398583 (Del. Super. Ct. Oct. 9, 2001) (explaining when comparing the impairment elements of Delaware and another state's laws:  "The word *similar* means, 'nearly corresponding; resembling in many respects; having a general likeness, although allowing for some degree of difference.'"), *aff'd*, 2002 WL 1058160 (Del. May 22, 2002) (affirming "on the basis of and for

(12)   A decade ago, our Court of Common Pleas made a direct statutory comparison of New York's § 1192(1) and Delaware's 21 *Del. C.* § 4177(a)(1) to answer the same similarity question posed here.[15]   The court held that a DWAI conviction from New York is a "prior or previous conviction or offense" under Delaware's DUI statute.[16]

(13)   Our Supreme Court has recently observed:

> [S]tatutes from other jurisdictions that might describe the offense of driving under the influence differently or establish different evidentiary standards applicable to the offense might still qualify as similar so long as the offense of conviction is similar to driving under the influence as defined in Section 4177.[17]

And as this Court has held—and our Supreme Court affirmed—when looking at impairment-element challenges:

> In comparing a statute for the purpose of determining whether it is pursuant to a similar statute, it is the prohibited behavior that must be similar, not the evidentiary standards by which the act is proven.[18]

(14)   Thus, Mr. Colon's attempt to divine some subjective test-objective test difference in the Delaware and New York statutes' impairment elements—if there

---

the reasons set forth in [this Court's] decision"); *Stewart v. State*, 930 A.2d 923, 926 (Del. 2007) ("In *Rogers,* the Superior Court rejected the argument that the level of intoxication required by either statute made the statutes dissimilar. . . . We agree with the rationale in *Rogers v. State*.").

[15]   *State v. Phillips*, 2016 WL 1460976 (Del. Com. Pl. Apr. 13, 2016).

[16]   *Id.* at *3.

[17]   *Daniels*, 246 A.3d at 562-63.

[18]   *Rogers*, 2001 WL 1398583, at *2, *aff'd*, 2002 WL 1058160 (Del. May 22, 2002).

were truly such a difference—is in vain.

(15)   Delaware's § 4177(a)(1) prohibits driving when one is at all "less able" to do so "because of alcohol."[19]  The elements of that offense have been explained by our Supreme Court:  "In order for a defendant to be found guilty of DUI, the State must prove, beyond a reasonable doubt, that the defendant was (1) driving a vehicle (2) while impaired by alcohol."[20]

(16)   New York's DWAI provision prohibits one from driving when he "has actually impaired, to any extent" his physical and mental abilities to do so.[21]

(17)   When comparing these two statutes for the purpose of determining whether a conviction for DWAI under New York's § 1192(1) is a "prior or previous conviction or offense" under Delaware's DUI recidivist statute, it is clear that it is. The two are "alike in substance or essentials"; the prohibited behavior in each is indeed sufficiently similar.[22]

---

[19]   *See* DEL. CODE ANN. tit. 21, §§ 4177(a)(1) and (c)(11)(2024).

[20]   *Stevens v. State*, 129 A.3d 206, 210 (Del. 2015), *aff'g*, 110 A.3d 1264, 1271 (Del. Super. Ct. 2015) ("What is required is evidence that the defendant was less able to properly operate a vehicle because of alcohol intake.").

[21]   *Cruz*, 399 N.E.2d at 516. *See also* N.Y. CRIM. JURY INSTR. 2d VEH. & TRAF. LAW § 1192(1) (A New York jury is instructed:  "A person's ability to operate a motor vehicle is IMPAIRED by the consumption of alcohol when that person's consumption of alcohol has actually impaired, to any extent, the physical and mental abilities which such person is expected to possess in order to operate a vehicle as a reasonable and prudent driver.") (emphasis in original).

[22]   *Daniels*, 246 A.3d at 562-63; *Rogers*, 2001 WL 1398583, at *2; *Phillips*, 2016 WL 1460976, at *3 ("In assessing statutory similarity, the Court is to avoid a comparative analysis of the statutes' requisite evidentiary standards, but instead, must analyze and compare the prohibited behavior.").

(18)   The Court finds that the State has demonstrated that Mr. Colon was convicted of impaired-driving offenses in 1999 and 2005 under a "similar" New York statute and those convictions must be considered "prior or previous conviction[s]" under Delaware's DUI statute.  Accordingly, Mr. Colon's guilty plea here is a third offense.  The State's motion for sentencing under 21 *Del. C.* § 4177(d)(3) is, therefore, **GRANTED**.

                                            **SO ORDERED,**

                                            /s/ *Paul R. Wallace*

                                            _____
                                            Paul R. Wallace, Judge

Original to Prothonotary

cc:    Michael W. Slights, Deputy Attorney General
       P. Scott Wilson, Esquire
       Investigative Services Office