**Terrence ANDERSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 607, 2006.**

Supreme Court of Delaware.

Submitted: June 13, 2007.
Decided: July 19, 2007.

Andrew J. Witherell, Esquire, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

HOLLAND, Justice.

The defendant-appellant, Terrence Anderson ("Anderson"), was indicted on charges of Attempted Murder in the First Degree,[1] Conspiracy in the First Degree,[2] Possession of a Firearm During the Commission of a Felony,[3] Possession of a Deadly Weapon By a Person Prohibited,[4] five counts of Criminal Mischief,[5] and Resisting

1. Title 11, section 531 of the Delaware Code.

2. Title 11, section 513(1) of the Delaware Code.

3. Title 11, section 1447A of the Delaware Code.

4. Title 11, section 1448 of the Delaware Code.

5. Title 11, section 811 of the Delaware Code.

Arrest.[6] The State entered a *nolle prose-qui* on a number of charges prior to or during trial. The matter proceeded to a jury trial. Anderson was convicted of the following offenses: Assault in the First Degree, a lesser-included offense of Attempted Murder,[7] Possession of a Firearm During the Commission of a Felony,[8] and Possession of a Deadly Weapon by a Person Prohibited.[9]

In this direct appeal, Anderson raises two issues that both relate only to his judgment of conviction for Assault in the First Degree. First, Anderson contends there was insufficient evidence presented at trial to establish, beyond a reasonable doubt, the elements of the charge of Assault in the First Degree. Second, Anderson submits the trial judge committed plain error by prohibiting him from presenting his defense to the jury that the State had not established, beyond a reasonable doubt, that he committed the offenses as charged in the indictment or any applicable lesser-included offenses.

We have concluded that both arguments are without merit. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

While on patrol on September 30, 2005, Officers Vincent Jordan and Martin Lenhardt of the Wilmington Police Department heard numerous gunshots. They followed the sounds and observed a white Dodge vehicle "nose into the intersection [of South Van Buren and Linden Streets]." The officers also saw a black male walking backwards toward the white Dodge, while firing a black semiautomatic handgun in the direction of Hector Perez. Notwithstanding the officers' orders to drop his weapon, the man fired two more shots in the direction of Perez and then fled the scene. Officers Jordan and Lenhardt later identified the shooter as Anderson. Neither officer saw any other shooter.

Hector Perez testified that as he walked towards his nephew Edgardo Cruz's parked car, he heard three shots. Upon hearing the shots, Perez ran south on South Van Buren Street. Cruz corroborated Perez's testimony, stating that he saw someone get out of a white Dodge and fire two or three shots, causing Perez to run. Perez was not hit by this round of shots. After the first round of shots, Cruz testified that he looked up and saw a second shooter, later identified as Anderson, firing in the direction of a fleeing Perez. While running, Perez testified that he "felt something hot" in his stomach and later felt another bullet hit him in the face, eventually causing him to collapse. Perez was taken to St. Francis Hospital and later to Christiana Hospital for treatment.

Anderson initially fled on foot, but later got back into the white Dodge and sped away, heading southbound on Route I–95. Officer Mark Wohner of the Newport Police department spotted the vehicle. After a short pursuit, three occupants exited the vehicle and fled on foot. Later, Officer Donald Bluestein of the Wilmington Police Department observed two men walk out of a wooded area and enter a Ford Crown Victoria. One of those individuals was later identified as Anderson.

6. Title 11, section 1257 of the Delaware Code.

7. He was sentenced to four years Level V incarceration with credit for thirty-one days, the first two years of which are mandatory.

8. He was sentenced to three years Level V incarceration, which is a mandatory sentence.

9. He was sentenced to eight years Level V, the first three years are mandatory, suspended after serving four years Level V for four years Level IV Work Release, suspended after six months for two years at supervision Level III.

The police searched the area where the shooting took place and found a silver .44 Colt revolver, a .44 caliber bullet, eight shell casings and two bullets that appeared to have been fired from a .45 Para–Ordinance semiautomatic firearm. The police recovered a black .45 Para–Ordinance semiautomatic near the abandoned Ford Crown Victoria.

### Assault Evidence Sufficient

■ Anderson first contends that the State failed to present sufficient evidence from which the jury could find him guilty of Assault in the First Degree beyond a reasonable doubt, as their case failed to show that the bullets causing Perez's injuries were fired from Anderson's gun. On appeal, challenges to the sufficiency of evidence are reviewed to determine "whether a rational trier of fact, considering the evidence in the light most favorable to the prosecution, could find the essential elements of the offense beyond a reasonable doubt." [10] In performing our appellate review, we do not distinguish between direct and circumstantial evidence.[11]

The record reflects that Anderson was charged with the Attempted Murder of Hector Perez. The indictment read:

TERRANCE ANDERSON AND BOBBY THOMAS,[12] on or about the 30th day of September, 2005, in the County of New Castle, State of Delaware, did intentionally attempt to cause the death of Hector Perez by shooting him, which under the circumstances as they believed them to be, constituted a substantial step in a course of conduct planned to culminate in the commission of the crime of Murder in the First Degree, in violation of Title 11, Section 636 of The Delaware Code.

Anderson was convicted of the lesser-included offense of Assault in the First Degree. The trial judge instructed the jury on the Assault charge, as follows:

In order to find the defendant guilty of Assault in the First Degree, you must find that each of the following two elements have been established beyond a reasonable doubt:

One, the defendant engaged in conduct which created a substantial risk of death to Hector Perez and thereby caused serious physical injury to Hector Perez.

And [second] the defendant acted recklessly.

"Serious physical injury" means any physical injury which creates a substantial risk of death or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ.

"Recklessly" means the defendant was aware of and consciously disregarded a substantial and unjustifiable risk to Hector Perez that would result from his conduct.

At trial, Anderson's attorney moved for a judgment of acquittal on the charge of Attempted Murder, arguing that "the State had not offered a *prima facie* case, that, in fact, Anderson is the one who shot Perez and that there had been sufficient evidence ... that would go towards the intent to commit a murder." With regard to the lesser-included offense of Assault in the First Degree, however, Anderson's attorney stated:

I would have to in my argument, I suppose, review the fact that an assault

10. *Poon v. State,* 880 A.2d 236, 238 (Del. 2005).

11. *Skinner v. State,* 575 A.2d 1108, 1121 (Del. 1990).

12. Although Anderson and Thomas were indicted together, Anderson was tried separately. Thomas had pleaded guilty to reduced charges prior to Anderson's trial.

and serious physical injury has at least been presented of [sic] the *prima facie* case by the State. With respect to that charge, I will defer to Your Honor's discretion. But with respect to the Murder First charge, Attempted Murder First, it is lacking in two elements, two very specific elements that would be required for a guilty verdict.

The denial of the motion for a judgment of acquittal is not an issue on appeal because the jury acquitted Anderson of Attempted Murder and convicted him of Assault in the First Degree, a lesser-included offense.

■ On appeal, Anderson now argues that the evidence was insufficient to convict him of Assault in the First Degree. At trial, however, Anderson's attorney moved for judgment of acquittal only on the charge of Attempted Murder, of which he was acquitted. Accordingly, Anderson's first claim on appeal has been waived.[13] Moreover, in addressing whether the evidence was sufficient to submit the Attempted Murder charge to the jury, Anderson's attorney acknowledged that the State has established a *prima facie* case of Assault in the First Degree. On appeal, Anderson is bound by his attorney's limited motion for a judgment of acquittal of Attempted Murder only and separate factual acknowledgment that the State had established a *prima facie* case of Assault in the First Degree.[14]

■ Alternatively, we hold that even if there has been no waiver or acknowledgement by Anderson's trial attorney, a reasonable jury could have concluded from the direct and circumstantial evidence that Anderson caused Perez's injuries. Cruz testified that Bobby Thomas exited a white Dodge and fired two or three shots in the direction of his uncle, Hector Perez. Perez testified that when he heard three shots, he ran south on South Van Buren Street. Perez was not hit by any of those shots. At that point, Cruz looked up and saw a second gunman, later identified as Anderson, appear and begin firing in the direction of Perez. As Perez was running away, he "felt something hot … in [his] stomach" and "when [he] got in the middle of the street, [he] felt another bullet hit [him] in [his] cheek," eventually causing him to "[collapse] at the end of the street."

When officers appeared on scene, Anderson was the only one shooting. Officer Jordan testified that he "observed [Anderson] backing up toward the [white Dodge] holding a large black in color semiautomatic handgun, which he was observed firing." Based on this testimony, the jury could have concluded that the first shooter fired three shots, all of which missed Perez, and then stopped shooting. At that time, Anderson began shooting and struck Perez with two bullets. Viewing this evidence in the light most favorable to the State, a rational jury could have found that Anderson was guilty of Assault in the First Degree by recklessly causing serious physical injury to Perez. Accordingly, for the alternative reasons of waiver and sufficiency of the evidence, we hold that Anderson's first argument is without merit.

### Closing Argument Ruling Proper

■ Anderson next contends that the Superior Court erred by prohibiting him from presenting a valid defense to the jury. Specifically, Anderson argues that because the indictment charged him with Attempted Murder "by shooting [Perez],"

---

**13.** *Monroe v. State,* 652 A.2d 560 (Del.1995). *See also Hardin v. State,* 844 A.2d 982, 990 (Del.2004) (sufficiency of the evidence claim deemed waived where, at trial, defendant challenged only one element of the charge, but, on appeal, challenged another element).

**14.** *Id.*

he should have been allowed to argue that the State failed to prove that Anderson committed that offense as charged by the indictment. The jury ultimately acquitted Anderson of Attempted Murder and found him guilty of the lesser-included offense of Assault in the First Degree. Because the jury convicted on a lesser-included crime, however, Anderson's specific argument on appeal about that lesser-included crime was not presented to the trial judge. Therefore, Anderson acknowledges that plain error is the applicable standard of appellate review.

The evidence at trial indicated that there were two shooters. Anderson and Bobby Thomas were indicted for Attempted Murder and related crimes. The Attempted Murder count read that Anderson and Thomas [15] "did intentionally attempt to cause the death of Hector Perez by shooting him." Perez was shot at least twice, but no bullets remained in his body. The trial testimony indicated that Anderson was armed with a .45 caliber semiautomatic pistol and fired at least eight shots. The record reflects that the other shooter was probably armed with a .44 caliber revolver.

At Anderson's trial, the defense focused on the words "by shooting him" to argue that the State had to prove that one of the eight bullets fired by Anderson actually hit the victim. According to Anderson, if Perez had been struck only by bullets fired by the other shooter, Anderson could not be held accountable. Since no bullets were recovered from Perez's body, Anderson submits it was impossible for the State to introduce direct evidence on that matter.

The record reflects that the "by shooting him" issue came up initially at the prayer conference in the context of the Attempted Murder charge. The State proposed amending the indictment to read "by shooting at him," but the trial judge denied that request because it would be a "material change" in the indictment.[16] This issue was raised again in connection with Anderson's motion to dismiss the Attempted Murder charge. The prosecutor argued that the indictment, as written, did not specify that Anderson actually succeeded in shooting the victim, only that he tried and, in trying, intended the victim's death. The trial judge ruled that the indictment, as written, did not require proof that Perez was hit at all, only that Anderson attempted to do so.

The "by shooting him" language in the indictment came up for the last time during defense counsel's summation. When Anderson's attorney drew the jury's attention to the language of the indictment, the prosecutor, anticipating defense counsel's argument, asked to approach the bench. At the sidebar conference, defense counsel contended that he should be allowed to argue to the jurors that, in order to convict Anderson of Attempted Murder, they had to find that one of the bullets fired by Anderson actually struck the victim. The prosecutor argued that neither the language of the indictment nor the trial judge's jury instructions required such a finding.

The trial judge ruled that defense counsel could not argue legal standards that were not contained in the court's jury instructions, although defense counsel was free to argue that the State had not proved that any of Anderson's shots hit Perez:

> I will allow you to discuss the fact that he was not shot by that gun, that type of thing.... I think that argument is fair game. But I think you're taking the legal instruction that's actually presented. I mean, you're fine with the argu-

---

15. Thomas accepted the State's plea offer prior to trial.

16. *See Johnson v. State,* 711 A.2d 18 (Del. Supr.1998).

ment, you're fine with pointing out this, but you can't say this is an element that the State has failed to prove.

The State argues that this case is distinguishable from the two decisions upon which Anderson relies.[17] In *Herring v. New York*,[18] a total denial of the right to argue a defense was found to violate the Sixth Amendment. In *Dailey v. State*,[19] the trial judge restricted defense counsel's right to raise an argument that the Superior Court, on appeal, held to be proper. Both of those cases relied upon by Anderson are not only distinguishable but recognize the trial judge's responsibility to prohibit counsel from raising questionable legal arguments.

■ On appeal, in the absence of "a clear abuse of discretion or undue prejudice to the defendant, we will not interfere with the trial court's determination as to the proper bounds of closing argument."[20] The record reflects that there was no abuse of discretion in the parameters set by the trial judge regarding the closing argument by Anderson's attorney regarding the Attempted Murder charge. Since there was no abuse of discretion with regard to the charge of Attempted Murder, *a fortiori* that ruling did not constitute plain error with regard to the lesser-included offense of Assault in the First Degree.

### Conclusion

The judgment of the Superior Court is affirmed.

17. *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Dailey v. State*, 1986 WL 2280 (Del.Super.).

18. *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975).

19. *Dailey v. State*, 1986 WL 2280 (Del.Super.).

20. *Burke v. State*, 484 A.2d 490, 498 (Del. 1984).