IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DERRICK CROSBY, | § | |
| | § | No. 180, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 14, 2015
Decided: January 15, 2015

Before **STRINE**, Chief Justice; **RIDGELY** and **VALIHURA**, Justices.

Bernard J. O'Donnell, Esquire, Office of Public Defender, Wilmington, Delaware, for Appellant.

Morgan T. Zurn, Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

**STRINE**, Chief Justice:

Derrick Crosby was convicted by a jury of second degree robbery and second degree conspiracy. He was arrested within minutes of the alleged crime, because the robbery was committed against a police informant who had arranged to purchase a gun from co-defendant Rakim Huggins as part of a police sting operation. The police were therefore monitoring the scene in close vicinity. Instead of selling the informant the gun, Huggins and an accomplice robbed the informant at gunpoint. The informant testified that Huggins pulled out a revolver and used his other hand to take $500 from the informant's jacket pocket. The accomplice then opened the driver's seat door, rifled through the informant's pockets, and took his cell phone from the door console.

When the gun purchase did not go as planned, the informant alerted the police with whom he was working and they moved in quickly. About a minute after the robbery took place, police spotted Huggins and Crosby walking together. Huggins was arrested and the informant identified him as one of his assailants. Crosby was also arrested promptly, and had in his possession the informant's cell phone. But the informant could not make a positive identification that Crosby was Huggins' accomplice in committing the robbery.

In this appeal, Crosby argues that his counsel was unfairly limited in presenting a closing argument on his behalf. Specifically, Crosby argues that the Superior Court erred by sustaining an objection by the State to any argument that Crosby could have obtained the informant's cell phone from Huggins' accomplice. The Superior Court reasoned that there was no evidence in the record that supported a rational inference that, in the limited time between when the informant was robbed and when Crosby was arrested, Huggins'

1

accomplice turned over the cell phone to Crosby and then left the scene. But the Superior Court did allow Crosby's attorney to argue that "there's a fair inference that someone other than Mr. Crosby committed this robbery and that there were ways in which [Crosby] came into possession of the cell phone after the incident."[1]

We review a trial judge's determination of the proper bounds of closing arguments for abuse of discretion.[2] Although a trial court should be cautious about restricting defense counsel's ability to argue that the State has not ruled out possible scenarios beyond a reasonable doubt, the trial judge has the discretion to restrict arguments that have no rational basis in the evidentiary record.[3] In this case, there was no evidence to suggest that Huggins' accomplice passed the informant's cell phone to Crosby in the brief period between when the informant was robbed and when Crosby was arrested (which may have been less than one minute in total). In light of the record, the Superior Court did not abuse its discretion in limiting the defense attorney's closing argument in the specific way it did, and leaving the defense the opportunity, as was taken, to make the more general argument that there were many ways in which Crosby could have come into possession of the informant's cell phone. Furthermore, the Superior Court permitted the defense to argue that Crosby was not the robber and to suggest, by use of the informant's inability to identify Crosby, that Huggins had another accomplice who was not Crosby.

---

[1] Opening Br. Ex. A at 134.
[2] *See Brown v. State*, 49 A.3d 1158, 1159 (Del. 2012); *Anderson v. State*, 930 A.2d 898, 904 (Del. 2007).
[3] *See State v. Bennefield*, 567 A.2d 863, 867 (Del. 1989) (quoting Standard 4.7.8(a) of the ABA Standards for Criminal Justice, which states that a closing argument by defense counsel should be limited to "all reasonable inferences from the evidence in the record").

Although we find that the trial court did not abuse its discretion in this case, we caution that trial judges must be mindful of the distinctions that exist between the civil and criminal context in addressing objections to defense counsel's closing argument. In a criminal case, it is the State's burden to prove to the jury's satisfaction that there is no reasonable doubt that the defendant committed the crime.[4] The defendant has a constitutional right not to testify and is under no burden to introduce evidence of his lack of guilt.[5] Therefore, it is traditional for a defense attorney's closing argument to stress that the State's evidence is insufficient to rule out other reasonable scenarios under which the defendant did not commit the crime of which he is accused.[6] That does not, of course, give defense counsel license to misrepresent the record or invent facts.[7] But it is normally appropriate and indeed required for defense counsel to point out all the material weaknesses and gaps in the State's case and to argue that they leave open factual

---

[4] *See In re Winship*, 397 U.S. 358, 364 (1970).

[5] *See, e.g.*, *Griffin v. California*, 380 U.S. 609 (1965) (recognizing that a defendant cannot be penalized for exercising his constitutional right to remain silent by prosecutorial suggestions that silence implies guilt); JACOB A. STEIN, CLOSING ARGUMENTS § 1:108 (2014-2015 ed.) ("In the context of criminal prosecutions, it is generally improper for the prosecutor to suggest that the defendant has the burden of proof or any obligation to produce evidence to prove his innocence.").

[6] *See, e.g.*, 2 CRIMINAL PRACTICE MANUAL § 57:9 (2014) ("It is almost universally permissible to mention [the state's burden to prove guilt beyond a reasonable doubt in closing arguments], and most jurisdictions permit counsel to explain it during argument."); JACOB A. STEIN, CLOSING ARGUMENTS § 2:4 (2014-2015 ed.) ("In a criminal case, reasonable doubt is the best witness. . . . [U]nder our criminal justice system, the defendant is presumed innocent until proven guilty, and it is the prosecution's job to prove guilt. Finally, the prosecution's burden of proof is a heavy one, they must prove that the defendant is guilty beyond a reasonable doubt.").

[7] *See Bennefield*, 567 A.2d at 867 ("Counsel's characterizations and use of descriptive terms are not impermissible to the extent they are based upon and supported by the record and fair inferences therefrom.").

circumstances under which the defendant would not be guilty.[8] And, it is, of course, during closing argument that opposing counsel and the trial court itself should be the most restrained in interrupting the flow of counsel's argument.[9]

But because the trial judge in this case did allow defense counsel to argue that the State had not ruled out the reasonable possibility that Huggins had an accomplice other than Crosby (by stressing that the informant could not make a positive identification of Crosby), and suggest that there were many ways that Crosby could have come into possession of the cell phone other than being Huggins' accomplice, we cannot find that the Superior Court abused its discretion, especially given the undisputed fact that Crosby was arrested within minutes of the robbery.

For these reasons, we AFFIRM the judgment of convictions of the Superior Court.

---

[8] *See, e.g.*, *Herring v. New York*, 422 U.S. 853 (1975) (holding that the closing argument plays a central role in the adversary system because "[o]nly then can [the attorneys] argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions").

[9] *See* WAYNE LAFAVE ET. AL., 6 CRIMINAL PROCEDURE § 24.7(b) (3d ed. 2007) ("The closing argument traditionally has been the one place in the trial where counsel is given greatest leeway in manner of expression even as the courts strive also to bar the excesses of the overzealous advocate.").